UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARNEST CASSELL WOODS,

Plaintiff,

v.

CHANS ANDEES,

Defendant.

Case No. 26-cv-00102-WHO (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND;**

**ORDER DIRECTING PLAINTIFF TO PAY THE FULL FILING FEE BY SEPTEMBER 1, 2026**

Dkt. No. 10

**INTRODUCTION**

Plaintiff Ernest Cassell Woods alleges in a conclusory fashion that prison staff have violated his federal constitutional and statutory rights. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

The complaint fails to state any claim for relief. Woods alleges that San Quentin staff have violated his First Amendment rights by preventing him from filing grievances and by seizing money from his prison account, but he puts forth no specific factual allegations against any person. The complaint is DISMISSED with leave to file an amended complaint on or before **September 1, 2026**. In his amended complaint, Woods must put forth specific factual allegations that tie liability to some person or persons.

Woods's motion to proceed in forma pauperis is DENIED because he has sufficient funds to pay the full filing fee.

On or before **September 1, 2026**, Woods must (1) file a complaint on the Court's form in which he puts forth specific factual allegations showing that a person or persons

violated his federal rights; and (2) submit full payment to the Court for the $405.00 filing fee. Failure to comply with (1) and (2) by September 1, 2026 likely will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**STANDARD OF REVIEW**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**DISCUSSION**

Woods's allegations in full are as follows: "San Quentin staff has [*sic*] violated my First Amendment right to file a grievance, violated my federal statutory and due process rights by seizing money derived from my veteran[']s disability benefits to pay court

2

United States District Court
Northern District of California

ordered fine[s] without a predeprivation hearing and that [*sic*] I have suffered retaliation for exercising my First Amendment right to file a grievance." (Compl., Dkt. No. 9 at 2-3.) He names Chance Andees as a defendant, but there are no specific allegations against him. (*Id.* at 2.)

The complaint is DISMISSED with leave to amend because his allegations do not contain sufficient factual allegations to state a claim for relief. In his amended complaint, Woods must allege specific facts tying a specific person to the exact wrong. "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

### MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Woods's motion to proceed in forma pauperis is DENIED because he has sufficient funds to pay the $405.00 filing fee. (Dkt. No. 10.) His current prison trust fund account balance is $2,115.61 and he has maintained a monthly balance of at least $2,000.00 for the last six months. <u>On or before September 1, 2026, Woods must submit full payment to the Court for the $405.00 filing fee or face dismissal of this civil rights action.</u>

### CONCLUSION

The complaint is DISMISSED with leave to file a first amended complaint on or before **September 1, 2026**. The amended complaint must include the caption and civil case number used in this order (26-00102 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear</u>

United States District Court
Northern District of California

on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from any prior complaint by reference. Failure to file a proper amended complaint by September 1, 2026 likely will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Also, on or before **September 1, 2026**, Woods must submit full payment to the Court for the $405.00 filing fee. Failure to submit full payment by September 1, 2026 likely will result in the dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Clerk shall terminate all pending motions.

**IT IS SO ORDERED.**

**Dated:** July 14, 2026



WILLIAM H. ORRICK
United States District Judge

United States District Court
Northern District of California

4